[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10878
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cr-00251-AT-JSA-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHNNY JONES,
a.k.a. Pokey,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(October 11, 2018)

Before WILSON, ROSENBAUM, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Johnny Jones, a federal prisoner, appeals his 15-month sentence for violation of his probation for aggravated assault with a deadly weapon.  On appeal, Jones argues his sentence is substantively unreasonable because the district court expressed doubt as to the weight of the evidence.  We disagree and affirm.

The substantive reasonableness of a sentence is reviewed for abuse of discretion.  *Gall v. United States*, 552 U.S. 38, 41 (2007).  This Court will uphold a sentence so long as it does not reflect a "clear error of judgment."  *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (per curiam) (quoting *United States v. Frazier*, 387 F.3d 1244, 1259 (11th Cir. 2004)).  In making this determination, we review the totality of the circumstances and factors under 18 U.S.C. § 3553(a). *United States v. Trailer*, 827 F.3d 933, 936–37 (11th Cir. 2016) (per curiam). Upon revocation of probation, the court determines the appropriate sentence based on the factors in §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), and (a)(4)–(7). *United States v. Vandergrift*, 754 F.3d 1303, 1308 (11th Cir. 2014) (citing 18 U.S.C. § 3583(e)).  These factors encompass all of the § 3553(a) factors except for (a)(2)(A), "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment" and (a)(3), "the kinds of sentences available."  18 U.S.C. § 3553(a); *see also Vandergrift*, 754 F.3d at 1308 (discussing the absence of § 3553(a)(2)(A) from the list of factors district courts may consider on revocation of supervised release or probation).

2

A district court abuses its discretion by imposing a substantively unreasonable sentence when it (1) fails to consider relevant factors that were due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) commits a clear error of judgment by balancing the proper factors unreasonably. *Irey*, 612 F.3d at 1189. Moreover, a district court's unjustified reliance on any one § 3553(a) factor may be indicative of an unreasonable sentence. *See United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008). The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). Although we do not presume that a sentence falling within the Guidelines range is reasonable, we ordinarily expect such a sentence to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).

A probation violation that, among other things, involves possession of a firearm is a Grade A violation. U.S.S.G. § 7B1.1(a)(1). Probation revocation is mandatory if the defendant "possesse[d] a firearm . . . or otherwise violate[d] a condition of probation prohibiting the defendant from possessing a firearm." 18 U.S.C. § 3565(b)(2). On revocation of probation, the advisory guidelines prescribe a 15–21 month imprisonment range for a defendant with a Category II Criminal History, and who committed a Grade A probation violation. *See* U.S.S.G. § 7B1.4.

First, Jones does not contend that his sentence was procedurally unreasonable. Since Jones had a Category II Criminal History and he committed a Grade A probation violation, his guidelines imprisonment range was 15–21 months. *See* U.S.S.G. § 7B1.4.

Secondly, the district court's sentence of 15 months was substantively reasonable. Jones does not argue that the evidence was insufficient under a preponderance of the evidence standard, but rather suggests that his sentence should be lower to reflect that the evidence might not have been sufficient to meet the beyond a reasonable doubt standard. Jones' argument is unavailing because the district court is not required to consider the weight of the evidence in determining a proper sentence after probation is revoked. *See* 18 U.S.C. § 3583(e). Therefore, it is inconsequential that the district court judge said "[i]f I were judging this on a beyond a reasonable doubt standard, I think I would be more cautious—of course, more cautious because that is what we're supposed to be."

Moreover, Jones' sentence was substantively reasonable because the district court considered the relevant § 3553(a) factors and did not consider any impermissible factors. For example, the district court gave due consideration to Jones' history and characteristics, including the character references submitted by his boss and family. Nonetheless, the district court determined that a sentence of incarceration was necessary "because [it] was serious conduct" and there were no

4

"extenuating circumstances." Ultimately, the district court noted that "deterrence and public safety" were the overriding concerns.

Finally, the sentence of 15 months was at the bottom of the advisory guidelines range, and we ordinarily expect such a sentence to be reasonable. *See Hunt*, 526 F.3d at 746. Accordingly, we affirm.

**AFFIRMED.**